**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1421-16T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

THOMAS EVERETT,

    Defendant-Respondent.

_____

> Argued September 14, 2017 — Decided October 18, 2017
>
> Before Judges Simonelli, Haas and Rothstadt.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Bergen County, Indictment No.
> 15-09-1184.
>
> Michael R. Philips, Assistant Prosecutor,
> argued the cause for appellant (Gurbir S.
> Grewal, Bergen County Prosecutor, attorney;
> Mr. Philips, of counsel and on the brief;
> John J. Scaliti, Legal Assistant, on the
> briefs).
>
> Dennis D.S. McAlevy argued the cause for
> respondent.

PER CURIAM

    The State appeals from the Law Division's dismissal of the

indictment charging defendant, Thomas Everett, with second-

degree possession of a weapon without a permit, N.J.S.A. 2C:39-5(b), third-degree possession of stolen property, N.J.S.A. 2C:20-7, and second-degree possession of a handgun by a person not lawfully permitted to possess a weapon, N.J.S.A. 2C:39-7(b). The motion judge dismissed the indictment after he concluded that the State failed to produce a statement from a federal agent working for the United States Department of Homeland Security about a confidential informant (CI) involved in the events that led to defendant's arrest. On appeal, the State contends it was error for the court to dismiss the indictment under the circumstances. We agree and reverse.

The facts leading to the dismissal of the indictment can be summarized as follows. The CI was working with a Homeland Security agent on an unrelated matter when he advised the federal agent that he could arrange for the purchase of weapons from a third party, who turned out to be defendant. The agent informed local police who set into motion a series of events that led to the CI scheduling a purchase from defendant while under police surveillance. At the scheduled purchase, the police stopped defendant while he was with the CI. The police found a handgun in defendant's possession. He was arrested, charged and later indicted.

During the ensuing prosecution, defense counsel filed a motion for a bill of particulars, R. 3:7-5, seeking information from the prosecutor about the CI. The motion judge granted the application, entering an order on April 28, 2016, identifying specific information that the prosecutor was to turn over to defense counsel relating to the CI. According to the court's order, the prosecutor was to produce the following information by May 13, 2016:

> 1. Documentation regarding the length of [the CI's] employment with [the local police]; copies of all oral/written agreements between [the CI] and [the local police], and any/all benefits given or promised by [the local police] to [the CI];
>
> 2. Documentation regarding the length of [the CI's] employment with Homeland Security; copies of all oral/written agreements between [the CI] and Homeland Security, and any/all benefits given or promised by Homeland Security to [the CI]; or in the alternative, if the State is unable to obtain such documentation, then to provide defense counsel with the name, address and telephone number of the Homeland Security agent who is supervising [the CI's] work for said agency;
>
> 3. A true copy of [the CI's] criminal history[.]
>
> [(emphasis added).]

The prosecutor wrote to defense counsel on May 16, 2016, providing him with information responsive to the court's order.

3

That information included confirmation that the CI did not have any oral or written agreements with local law enforcement. As to Homeland Security, the prosecutor explained:

> [he] reached out to the. . . [a]gent . . . [who] conveyed . . . that there was no written confidential informant agreement between . . . Homeland Security and [the CI]. . . . [The CI's] length of service as an informant to . . . Homeland Security was less than six (6) months. For helping . . . Homeland Security, [the CI] potentially had an opportunity to benefit himself with regard to his own criminal charges in New Jersey. However, [the CI] received no benefit with regard to any of his own cases and was dropped by . . . Homeland Security as an informant when it was discovered that he was continuing to commit crimes in New Jersey.

The prosecutor's letter also advised counsel of the CI's federal and state criminal history and identified by name, address and telephone number the agent who supervised the CI's work with Homeland Security.

At a status conference held before the motion judge on May 23, 2016, defense counsel argued that the prosecutor's response was not sufficient and that counsel intended to subpoena the federal agent. Counsel issued the subpoena and, in response, assistant chief counsel to Homeland Security wrote that before the agency would respond to the subpoena, defense counsel was

required to comply with the federal "Touhy regulations,[1]" and that compliance was "an absolute condition precedent to obtaining testimony . . . from a . . . Homeland Security employee." Defense counsel made no effort to comply with the regulations.

After making another unsuccessful attempt to seek compliance, defense counsel filed a motion to dismiss the indictment. The motion judge granted defendant's motion, placing his reasons on the record. In his oral decision, the judge concluded that, under Rule 3:13-3(b), defendants have the right to information relevant to the credibility of a State witness, including any cooperation agreement setting forth any benefits promised to the witness. The court found the prosecutor and the federal government were working together when defendant was arrested, and the prosecutor's statement that Homeland Security told him that no written cooperation agreement existed was hearsay and inadequate to satisfy the State's burden under Rule 3:13-3(b). The judge concluded that the withholding

---

[1] United States ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S. Ct. 416, 95 L. Ed. 417 (1951) (recognizing agency's right to promulgate regulations governing the disclosure of information). See also 6 C.F.R. §§ 5.41-.49 (addressing conditions to Homeland Security personnel responding to subpoenas).

of the information violated defendant's federal and state constitutional rights.

The State filed a notice of appeal on December 13, 2016 and the motion judge issued a written amplification of his decision under Rule 2:5-1(b). In his comprehensive amplification, the judge acknowledged that Homeland Security was "not the prosecuting agent in this State Court proceeding," but because it participated in a "joint investigation" with local authorities it should not be permitted to "stand[] behind an opaque veil, refusing to comply" with the court's order. He also recognized that the court may not have "authority to compel federal agencies" to produce discovery, but it could compel the prosecutor to be responsible for obtaining the information sought in satisfaction of the State's obligation under Rule 3:13-3(b). The judge concluded by rejecting the argument that the prosecutor's version of what he was told by the federal agent satisfied that obligation. The judge stated:

> The Assistant Prosecutor is not a witness and cannot independently verify the accuracy of the hearsay statements made by the federal agent regarding the relationship between the federal government and the CI. In this State prosecution initiated by federal agents, with the direct involvement of a federal CI, the State must either (1) produce the appropriate federal entity with knowledge of the relationship, or (2) produce a written statement from the federal

> agency confirming the existence or non-existence of a cooperation agreement with its CI.
>
> The failure of the State to provide information pertaining to the CI has deprived defendant of the right to confront the CI and attack his credibility, and has also deprived defendant with information which may be relevant to the defense of entrapment.
>
> [(emphasis added).]

On appeal from the order dismissing the indictment, the State argues the motion judge erred because federal regulations prevented the prosecutor from obtaining the information defendant sought from the federal agent, and "the assistant prosecutor's representations, regarding the nature of the CI's arrangement with law enforcement authorities, satisfied the State's discovery obligation."

"We review a trial court's decision [on] a motion to dismiss an indictment for a clear abuse of discretion." State v. Zembreski, 445 N.J. Super. 412, 424 (App. Div. 2016) (citing State v. Lyons, 417 N.J. Super. 251, 258 (App. Div. 2010)). "[T]he decision whether to dismiss an indictment lies within the discretion of the trial court, and that exercise of discretionary authority ordinarily will not be disturbed on appeal unless it has been clearly abused." State v. Hogan, 144 N.J. 216, 229 (1996) (citations omitted). "However, if a trial

court's discretionary decision is based upon a misconception of the law, a reviewing court owes that decision no particular deference." Zembreski, supra, 445 N.J. Super. at 424 (quoting Lyons, supra, 417 N.J. Super. at 258).

Although courts have "inherent powers" to dismiss an indictment where the State has failed to comply with discovery, State v. Abbati, 99 N.J. 418, 429 (1985); see also R. 3:13-3(f), granting a motion to dismiss an indictment should occur only in limited circumstances. Zembreski, supra, 445 N.J. Super. at 424-25. "One of the guiding principles to be followed by a court when considering a motion to dismiss an indictment is that 'a dismissal of an indictment is a draconian remedy and should not be exercised except on the clearest and plainest ground.'" Ibid. (quoting State v. Williams, 441 N.J. Super. 266, 271 (App. Div. 2015) (alteration omitted)). Dismissal of an indictment "is the last resort because the public interest, the rights of victims and the integrity of the criminal justice system are at stake." State v. Ruffin, 371 N.J. Super. 371, 384 (App. Div. 2004) (citations omitted). "[T]his drastic remedy is inappropriate where other judicial action will protect a defendant's fair trial rights." State v. Clark, 347 N.J. Super. 497, 508 (App. Div. 2002).

> Before a dismissal of an indictment is warranted in such circumstances, . . . there must be a finding of intention inconsistent with fair play and therefore inconsistent with due process, or an egregious carelessness or prosecutorial excess tantamount to suppression. In the absence of these conditions, the right of the public to its day in court in the prosecution of properly found indictments should be forfeited only if otherwise there would be manifest and harmful prejudice to defendant.
>
> [State v. Laganella, 144 N.J. Super. 268, 282-83 (App. Div. 1976).]

"A trial judge is not limited to dismissal as a remedy. The rule specifically provides for discretion in formulating a sanction for a discovery violation." Clark, supra, 347 N.J. Super. at 509 (citations omitted); see also R. 3:13-3(f).

Applying these guiding principles, we conclude that the motion judge mistakenly exercised his discretion by dismissing the indictment. At the outset, we concur with the motion judge that the hearsay statement of the prosecutor about what the federal agent told him did little to protect defendant's Confrontation Clause rights under the federal and state constitutions. We disagree, however, that dismissing the indictment was warranted under the circumstances.

First, there was no legal basis for the judge to find the prosecutor violated the State's discovery obligations because of the federal agent's or Homeland Security's conduct. The

prosecutor complied with the only order entered by the court prior to dismissal that required him "to provide counsel with the name, address and telephone number of the Homeland Security agent who is supervising [the CI's] work for said agency" if the prosecutor was unable to obtain a written statement directly from the agent. The provisions of the court's order were never violated. If the motion judge believed the prosecutor had to do more, he should have specified in another order the action to be taken so that the prosecutor could attempt to comply or seek alternate relief.

Second, defense counsel's subpoena did not comply with the Homeland Security regulations provided in 6 <u>C.F.R.</u> §§ 5.41-.49. Specifically, 6 <u>C.F.R.</u> § 5.45 required that defense counsel "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." If defendant complied with the regulations and Homeland Security denied his request, pursuant to the considerations indicated in 6 <u>C.F.R.</u> § 5.48(a), then defendant's recourse would have been to challenge that decision through an Administrative Procedure Act proceeding in federal court, <u>See</u> 5 <u>U.S.C.</u> § 702 (limiting Administrative Procedures Act review to the federal courts), as that court remained the ultimate authority as to whether Homeland Security —— a federal agency —— should be required to

10 <span>A-1421-16T1</span>

turn over any information to a defendant in a state court criminal action. See Chrysler Corp. v. Brown, 441 U.S. 281, 295-96, 99 S. Ct. 170560 L. Ed. 2d 208 (1979) ("agency regulations implementing federal statutes . . . pre-empt state law under the Supremacy Clause"); see also Edwards v. U. S Dep't of Justice, 43 F.3d 312, 314-15 (7th Cir. 1994).

In light of the motion judge's misapplication of the law, we are constrained to reverse the order dismissing the indictment.

Reversed and remanded for an order reinstating the indictment and for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION